PEOPLE ex rel. STEFFAN v. MURRAY et al., Excise Commissioners.

(Supreme Court, Appellate Division, First Department.   March 6, 1896.)

1. EXCISE BOARD—POWER TO DISCHARGE EMPLOYES.   .
    The board of excise commissioners of New York City has power to remove excise inspectors at its discretion.

2. SAME—REQUEST TO RESIGN.
    A resolution of the excise board of New York City, requesting the resignation of an inspector, and declaring that if he did not resign by a certain hour he was discharged, was, without further action, effective as a discharge on the failure of such employé to resign.

Certiorari on the relation of Henry W. Steffan against Joseph Murray and others, as excise commissioners, to review the action of respondents in removing relator from his employment. Writ dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Chas. Blandy, for relator.
J. M. Mayer, for respondents.

RUMSEY, J.   Up to the time of his discharge complained of, the relator was an excise inspector, having been appointed in 1889. On the 28th day of February, 1895, the board of commissioners of excise at a meeting resolved that the clerk should be and was directed to request the resignation of the inspectors, among whom was the relator.   It was further resolved at the same time that, in case of the refusal of any of them to resign as requested by 4 o'clock in the afternoon of that day, each one who did not resign was dismissed from the service of the department.   A notice of the passage of this resolution was given to the relator.   He was requested to resign, but refused, and thereupon he was informed that his services were no longer required, and that he should consider himself dismissed.   He brings this writ to review the action of the respondents in dismissing him.

It is not seriously contested by the relator but that the position which he occupied was that of a mere employé, and that the power of the removal was intrusted to the commissioners, to be used practically at their discretion.   This was the opinion of the court of appeals with regard to persons holding the same position, as expressed in the case of Gregory v. Mayor, etc., 113 N. Y. 416, 21 N. E. 119.   Occupying, as the relator did, simply the position of an employé, it is well settled that the respondents, to whom was

given the right to employ him, had also the right to remove him whenever they saw fit. People v. Morton, 148 N. Y. 156, 42 N. E. 538. But the complaint of the relator is not so much that he was dismissed by the respondents as that the resolution which they passed, although purporting to discharge him if he did not resign, was not in fact sufficient for that purpose. We can see no force in this contention. It seems that under civil service rules certain disabilities follow the discharge of one who has been employed in the public service. For that reason, it having been determined by the respondents that the services of the relator were no longer necessary, they desired to relieve him from the disabilities which accompanied the fact of his discharge by permitting him to resign, if he saw fit to do so, upon receiving the notice. But their resolution was plain and positive that, if he did not resign, he was discharged. The action of the commissioners in discharging him was conclusive, and there was no doubt about the meaning of the resolution. They might have discharged him without any conditions whatever, but they saw fit to permit him to resign as a favor, rather than exercise their undoubted right. If they had done this by two resolutions, one requesting his resignation, and the other, passed after the time fixed for the resignation, simply discharging him, nobody would suggest that they had done anything more than they had the right to do. The fact that they exercised their undoubted right in a different way cannot affect the validity of their action.

The writ must be dismissed, and the proceedings affirmed, with $50 costs to the respondents. All concur.