(5 App. Div. 288.)

PEOPLE ex rel. LION v. MURRAY et al., Commissioners.

(Supreme Court, Appellate Division, First Department. May 22, 1896.)

EXCISE BOARD—POWER TO DISCHARGE INSPECTOR.
　　An inspector appointed by the board of excise of New York City is merely an employé of the board, and it may remove him at pleasure.

Certiorari by Edward Lion to review the action of Joseph Murray and others, constituting the board of excise commissioners of the city of New York, in dismissing relator from the position of inspector of the board of excise. Dismissed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Otto I. Wise, for appellant.
Julius M. Mayer, for respondents.

VAN BRUNT, P. J.    The relator was appointed an inspector of the board of excise in New York City on the 19th of January, 1895. On the 13th of July, 1895, a statement of charges against the relator was served upon him, and he was cited to appear before the board of excise on the 16th of July, 1895, to show cause why he should not be dismissed from the service of the board.    On the 16th, 18th, and 20th of July, 1895, alleged testimony was taken before the commissioners, and thereafter, on the 26th of July, the relator was dismissed by the board of excise by resolution dated on that day.    The relator obtained this certiorari to review the proceedings of the commissioners of excise, above stated.    If the relator had a right to a hearing and trial, it might very well be that the proceedings before the commissioners were of such a character as would require a reversal of their judgment dismissing the relator.    But it has been repeatedly held that an inspector of excise is a mere employé of the board, and that it has the right to remove him at pleasure.    Gregory v. Mayor, etc., 113 N. Y. 416, 21 N. E. 119;  People v. Morton, 148 N. Y. 156, 42 N. E. 538;  People v. Murray, 2 App. Div. 359, 37 N. Y. Supp. 848.    In the case last cited it is expressly held that the action of the commissioners in discharging the inspector was conclusive; that he was a mere employé, and that the commissioners had the power to discharge such employé whenever they saw fit; and the fact that the commissioners exercised their undoubted right in a different way could not affect the validity of their action.    So, in the case at bar, the relator was not entitled to a trial.    The commissioners could have dismissed him without giving him an opportunity for a hearing.    The mere fact that they gave him such an opportunity, and committed irregularities upon that hearing, and found him guilty upon a charge which there was no competent evidence to support, does not justify this court in annulling their judgment, which they had an undoubted right to give, without allowing the relator an opportunity to be heard.

The writ should be dismissed, with $50 costs.    All concur.