In the Matter of the Application of MARY DALY, Petitioner, for a Peremptory Mandamus Order against SIGISMUND S. GOLDWATER, as Commissioner of Hospitals of the City of New York, Respondent.

Supreme Court, Special Term, New York County, April 16, 1937.

*Charles H. Kelman,* for the petitioner.

*Paul Windels, Corporation Counsel [Thomas W. A. Crowe* of counsel], for the respondent.

MILLER, J.   This is a motion for a peremptory mandamus to compel the reinstatement of the petitioner as nurse in the psychiatric division of Bellevue Hospital.   The ground of the motion is that she was discharged without cause stated in writing and without an opportunity to be heard.   The petitioner shows that she was appointed in 1928 as a nurse of Bellevue Hospital and that this position is included within the non-competitive civil service class.

Under section 22, subdivision 2, of the Civil Service Law, a person in the competitive class of the civil service cannot be removed except for reasons stated in writing and opportunity to answer the same in writing.   This protection does not apply to one in the noncompetitive class, and hence mandamus is not available to such a person.   (*Matter of Merriweather* v. *Roberts,* 268 N. Y. 12.)

Contention, however, is made that petitioner secured the same protection by section 129, subdivision 3, of the General Municipal Law, which permits discharge of an employee of a public hospital at the discretion of its superintendent only for cause stated in writing and after an opportunity to be heard.   The difficulty with that argument is that section 135 of the General Municipal Law specifically excludes section 129 from application to the city of New York.   The question remains whether the laws applicable to the government of Bellevue Hospital gave her the protection claimed.

At the time of her appointment in 1928, the hospital was governed by section 692 of the Greater New York Charter.   Subdivision 5 of the section provided that the board of trustees of the hospital " shall have power to appoint and at pleasure to remove such superintendents, medical officers, subordinate officers and other employes as may be necessary for the efficient management and conduct of said hospitals, subject to the civil service laws and the rules and regulations of the municipal civil service commission. This provision obviously does not give the petitioner the right claimed by her.   In 1929 Bellevue Hospital was consolidated with the department of hospitals by Local Law No. 2 (p. 69), which substituted new sections 692 to 692-r in place of the existing section 692 of the charter.   Section 692-q contained a proviso that " the transfer of an officer or employee of the city to the department of hospitals, pursuant to this section, shall not affect his status in the civil service of the city."   As petitioner by her own admission was in the noncompetitive class of the civil service, the transfer of Bellevue Hospital to the jurisdiction of the department of

hospitals did not change her civil service status and left her in the noncompetitive class without any of the rights as to receipt of charges in writing and opportunity to reply thereto in writing as provided by section 22 of the Civil Service Law.

The petition must, therefore, be denied.