In the Matter of the Application of JOSEPH A. GREENFIELD, Petitioner, for an Order against ROBERT MOSES, Commissioner of Parks of the City of New York, and Others, Defendants.

Supreme Court, Special Term, New York County, October 3, 1938.

*Maloney & Doyle*, for the petitioner.

*William C. Chanler, Corporation Counsel* [*Paxton Blair* and *Henry J. Shields* of counsel], for the defendants.

NOONAN, J. This is an application under article 78 of the Civil Practice Act, section 1283 *et seq.*, by an honorably-discharged veteran of the World war occupying the position of laborer in the park department, to review a fine imposed against him.

On May 17, 1938, the park engineer notified the petitioner in writing that a deduction of fifty-five dollars, representing ten days' pay at five dollars and fifty cents per day, would be made from his salary. This deduction was based upon the petitioner's dereliction of duty and the use of intoxicating liquor.

Notice was given by the petitioner's counsel that his status as a World war veteran entitled him to a hearing upon stated charges. Subsequently the petitioner was served with the same charges and a day was set for a hearing. On June 14, 1938, a hearing was held before the general superintendent of parks.

On the adjourned date the petitioner's counsel objected to the jurisdiction of the trial officer on the ground that the fine previously imposed and deducted from his pay under protest had not been remitted. This objection was overruled and the petitioner was adjudged guilty and the deduction stated was made from his wages. In addition to the claimed lack of jurisdiction, it is urged that the hearing was improperly conducted and that the general superintendent should have referred the disposition of the charges to the park commissioner.

Subdivision 1 of section 22 of the Civil Service Law provides, *inter alia,* that no veteran of the World war " shall be *removed* * * * except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by certiorari." (Italics mine.) The subdivision does not confer upon World war veterans the right to a hearing as a condition precedent to the imposition of a fine. Although a reduction in salary may be regarded as a removal within the meaning of subdivision 1, if the reduction brings the salary below a proper living wage and reduces it to an unreasonable amount (*People ex rel. Tyng* v. *Prendergast,* 164 N. Y. Supp. 1042, 1049; affd., 178 App. Div. 895; affd., 221 N. Y. 659; *Bogacki* v. *Zalemski,* 143 Misc. 140, 148; affd., 238 App. Div. 764), a fine of ten days' pay, in my opinion, is not tantamount to a removal within the meaning of subdivision 1 of section 22. It follows that the petitioner was not entitled to a hearing under subdivision 1 by reason of his status as an honorably-discharged veteran of the World war. Had the Legislature intended to confer upon veterans the right to a hearing as a condition precedent to the imposition of a fine, it could easily have so provided in the statute.

Nor is the petitioner entitled to a hearing under subdivision 2 of section 22 of the Civil Service Law. The said subdivision applies only to persons in the competitive class. The petitioner was and is employed as a laborer in the department of parks and as such is in the non-competitive class, removable without a hearing and even for political reasons. (*Matter of Merriweather* v. *Roberts,* 268 N. Y. 12; *Matter of Daly* v. *Goldwater,* 163 Misc. 502.)

Petitioner calls attention to the fact that subdivision 1 of section 22 of the Civil Service Law provides that " hearings upon charges pursuant to this subdivision shall be held by the officer or body

having the power to remove the person charged with incompetency or misconduct or by a deputy or other employee of such officer or body designated in writing for that purpose." This provision was clearly intended to apply only where hearings were required by the other language of the subdivision, namely, in the case of the removal of a veteran. It was obviously not intended to govern in a case where the veteran had no right to a hearing under the subdivision. The fact that the petitioner was given the right to be heard did not confer upon him rights which he would not otherwise have had. A hearing was at most a favor or an indulgence and the petitioner, therefore, may not complain because the hearing was held by an official who was not properly designated for that purpose or because it was not conducted in a proper manner. (*People ex rel. Lion* v. *Murray*, 5 App. Div. 288; *People ex rel. O' Keefe* v. *Hynes*, 101 id. 453.)

The application to review the imposition of a fine upon the petitioner is denied. Settle order.