In the Matter of JOHN TIERNAN, Petitioner, against PATRICK WALSH, as Commissioner of the Fire Department of the City of New York, Respondent.

Supreme Court, Special Term, New York County, January 14, 1944.

*Bennett & Edenbaum* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro* of counsel), for respondent.

McLAUGHLIN, J. Petitioner, an honorably discharged war veteran and a civil service employee with twenty-one years of service as a uniformed member of the Fire Department of the City of New York, was tried on five charges, found guilty, fined five days' pay on charge No. 2 and reprimanded on the other four charges. He seeks by this proceeding under article 78 of the Civil Practice Act a review of the determination of the Fire Commissioner, predicating his right to such relief upon section 22 of the Civil Service Law.

The respondent under section 1293 of the Civil Practice Act moves to dismiss the proceeding, urging that section 22 of the Civil Service Law has no application to the situation herein because Tiernan was not removed from his position but was simply fined five days' pay.

The charges upon which the petitioner was tried were of sufficient gravity to have formed the grounds and sustained the infliction of the penalty of removal. As a result of the

charges and the trial thereupon petitioner suffered the loss of five days' pay in the form of a fine, five and five-eighths days' pay for the period it was found he was absent without leave, and the blot on his service record as to the entire five charges.

The court feels that it is acting in consonance with the legislative intent (as manifested in section 22 of the Civil Service Law*) in according the petitioner herein the privilege of review by the court under article 78 of the Civil Practice Act. (See Opinion of Attorney-General, 1941 Report, p. 333, dated October 24, 1941.) The opinion relied upon by respondent (*Matter of Greenfield* v. *Moses,* 169 Misc. 389, affd. 257 App. Div. 809) was decided in 1938, three years before the present amendment to section 22 of the Civil Service Law. This is simply allowing him his day in court and in no way determines the merits of the action of the Fire Commissioner.

Respondent's motion to dismiss is denied, with leave, however, to answer on the merits on or before the 20th day of January, 1944, and the petitioner may reply thereto on or before the 28th day of January, 1944.

Petitioner's cross motion to amend his petition to include the allegation that he is a civil service employee and incorporation of subdivision 2 of section 22 is granted.

Let the motion be placed upon the calendar of Special Term, Part I of this court, for January 31, 1944.

* Subdivision 1 of section 22 of the Civil Service Law gives an honorably discharged serviceman a right to a review pursuant to article 78 of the Civil Practice Act where he is removed from a civil service position. Subdivision 2 of section 22 relates to officers and employees in the competitive class of the civil service of the State or any civil division or city thereof. It prescribes the punishment which may be meted out to such person found guilty of charges, and states that such guilty person may, among other things, be fined a sum not to exceed fifty dollars to be deducted from his salary or wages, or be reprimanded. Subdivision 3 states that "Any state officer or employee believing himself aggrieved by a penalty or punishment of demotion in or dismissal from the service or suspension without pay for a period exceeding ten days may appeal from such determination either by an application to the state civil service commission, as hereinafter provided, or by an application to the court in accordance with the provisions of article seventy-eight of the civil practice