In the Matter of JOHN TIERNAN, Petitioner, against PATRICK WALSH, as Commissioner of the Fire Department of the City of New York, Respondent.

Supreme Court, Special Term, New York County, March 24, 1944.

*Bennett & Edenbaum* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro* of counsel), for respondent.

O'BRIEN, J. Motion is made by petitioner pursuant to section 1296 of the Civil Practice Act to review the determination of respondent as to the rights of the petitioner. The hearings had were quasi-judicial in character. Witnesses were heard and petitioner had the right to counsel. Respondent urges that the hearing was conducted pursuant to section 487a–12.0 of the Administrative Code of the City of New York (L. 1937, ch. 929) which does not afford the right of review to petitioner, and the hearing had was and is of an administrative and discretionary character affecting discipline of members of the uniformed force of the Fire Department. The Commissioner, urges respondent, is vested with power, in his discretion, to punish an offending party, i. e., a member of the uniformed force, by reprimand, forfeiture, withholding of pay for a specified time, or dismissal from the force; that no statutory trial is a condition to disciplinary action short of removal from the uniformed force and that therefore petitioner has no right of review pursuant to section 1296 of the Civil Practice Act, because a review under such provision of law is limited to those cases '' where the determination under review was made as a result of a hearing held, and at which evidence was taken, pursuant to statutory direction ''.

Respondent contends that the disciplinary action taken against the petitioner and the penalty imposed are clearly within the discretion of the Commissioner. Even if the Administrative Code of the City of New York does not specifically provide for a review by the court, there must be a remedy where a wrong is charged. The respondent contends that because no removal from office took place, there is no remedy. In the instant case there was a finding of guilt on four of the charges, with a sentence of reprimand, while on the other charge there was a fine imposed of five days' pay.

The respondent again urges that this court held in *Matter of Greenfield* v. *Moses* (169 Misc. 389, affd. 257 App. Div. 809) in support of the claim that no relief is afforded to the petitioner under section 22 of the Civil Service Law. This court has decided specifically on respondent's motion to dismiss in this proceeding (181 Misc. 424, McLAUGHLIN, J.) that the statute referred to, since it was amended after the decision of the *Greenfield* case (*supra*), is sufficient to afford the petitioner his day in court. The law of the case is that petitioner is entitled to be heard in accordance with section 22 of the Civil Service Law.

The entire record has been examined and I am unable to find in it anything to indicate that the charges have been sustained by respondent, who has the burden of showing that the conduct of petitioner as set forth in the charges was a willful act knowingly done. The record indicates instead that, while respondent's trier of the facts had the advantage of observing the respective witnesses, the petitioner acted in good faith and relied upon the opinion of his own physician. The question which confronted him was whether he should risk the possibility of endangering his health when advised by his own physician, contrary to the recommendation of the medical board of the respondent. While there may be some doubt as to whether the petitioner's medical advice was proper, the result is that opinion evidence is resorted to and in such circumstances where the proof falls far short in this case of showing bad faith or deliberate efforts on the part of the petitioner to falsify his true condition, he had a right to believe his own physician, and the record indicates the good faith of the petitioner. The fourth charge, on which the petitioner was fined, is not sustained by the burden cast upon respondent.

The determination of the respondent cannot be approved and is vacated and petitioner restored to his full rights. Settle order.