In the Matter of ANTONIO L. FARINELLA, Petitioner, against PATRICK WALSH, as Commissioner of the Fire Department of the City of New York, Respondent.

Supreme Court, Special Term, New York County, February 8, 1945.

*Bennett & Edenbaum* for petitioner.

*Ignatius M. Wilkinson, Corporation Counsel (Morris Shapiro* of counsel), for respondent.

Null, J. The petitioner is a member of the uniformed force of the Fire Department of the City of New York. After a hearing the Commissioner of the Fire Department found the petitioner guilty upon two charges of misconduct, specifying disobedience of orders and violation of rules, and imposed a fine as a penalty. The application is made under article 78 of the Civil Practice Act for a review of the determination of the Fire Commissioner and for a final order annulling and setting it aside, on the ground that it was contrary to law and against the weight of the evidence.

The disposition of this application is controlled by the holding in *Matter of Tiernan* v. *Walsh* (268 App. Div. 962). The Appellate Division there held that the controversy in that proceeding should have been referred to that court in the first instance pursuant to section 1296 of the Civil Practice Act. Although no reference is made by the respondent to that circumstance, it is of no consequence for the purpose of this determination that the petitioner in the *Tiernan* case (*supra*) was a war veteran whereas the petitioner here is not. Under section 487a-12.0 of the Administrative Code of the City of New York, members of the uniformed force of the Fire Department, whether they be war veterans or not, cannot be removed except after a hearing upon written charges.

The petitioner was served with written charges setting forth acts of misconduct with respect to which the Fire Commissioner, after a hearing, was empowered to direct his dismissal. Whether the hearing was had as of right or by way of grace or favor is not to be tested by the ultimate penalty imposed (*Matter of Tiernan* v. *Walsh*, 181 Misc. 424, appeal dismissed 268 App. Div. 962, *supra*.) The fact is that the petitioner had no right to a hearing unless his dismissal were contemplated. The service of written charges upon which his dismissal could have been sustained, the notice to appear at the hearing and the hearing itself conducted with all the formalities associated with a department trial, clearly pointed to the fact that his dismissal was sought, or at any rate, that his employment was in jeopardy.

Accordingly, an order may be entered directing that the proceeding be transferred for disposition to a term of the Appellate Division of this judicial department. The issue raised by the pleadings as to the accuracy or completeness of the transcript of the record of the proceedings and of the hearing before the Fire Commissioner, if urged, may be tried, after transfer to the Appellate Division as provided by sections 1295 and 1296 of the Civil Practice Act. Settle order.