In the Matter of JOHN TIERNAN, Appellant, against PATRICK WALSH, as Commissioner of the Fire Department of the City of New York, Respondent.

Argued February 21, 1945; decided May 24, 1945.

*Paxton Blair* and *Edward M. Edenbaum* for appellant. I. The Court of Appeals has jurisdiction to entertain petitioner's appeal as of right. (*Matter of Brenner* v. *Bruckman,* 278 N. Y. 503; *Garrison* v. *Sun Printing & Publishing Assoc.,* 222 N. Y. 691; *Miozzi* v. *Armstrong Coal Co.,* 283 N. Y. 567; *Markiewicz* v. *Thompson,* 246 N. Y. 235; *de Santes* v. *Mural Transp. Corp.,* 284 N. Y. 584.) II. Since no intention to disobey orders was proved, and since petitioner was an involuntary victim of incapacitating illness, so diagnosed by a physician of conceded integrity, no justification for the infliction of disciplinary measures was present. The determination of the commissioner should therefore have been annulled. (*Matter of Griffin* v. *Thompson,* 202 N. Y. 104; *People ex rel. Masterson* v. *French et al.,* 110 N. Y. 494; *People ex rel. Mitchell* v. *Martin et al.,* 143 N. Y. 407; *People ex rel. Padian* v. *McAdoo,* 100 App. Div. 516; *Matter of Elder* v. *Bingham,* 118 App. Div. 25, 189 N. Y. 509; *People ex rel. McGlone* v. *Roosevelt,* 7 App. Div. 610; *Matter of Kelly* v. *Morgan,* 241 App. Div. 476; *People ex rel. Hogan* v. *French et al.,* 119 N. Y. 493; *People ex rel. Baran* v. *Waldo,* 162 App. Div. 345; *People ex rel. Reardon* v. *Partridge,* 86 App. Div. 310; *People ex rel. Rigby* v. *Anderson,* 198 App. Div. 283; *People ex rel. Fallon* v. *Wright,* 7 App. Div. 185, 150 N. Y. 444; *Matter of Crowley* v. *Fowler,* 217 App. Div. 16; *People ex rel. Winspear* v. *Kreinheder,* 197 App. Div. 887.) III. Petitioner being a veteran, the trial accorded him was a matter of right and not grace, and judicial review was secured to him by section 22 of the Civil Service Law. The City could not impair this right by providing otherwise in the Administrative Code. (*Matter of O'Kelly* v. *Hill,* 283 N. Y. 78; *Matter of Murphy* v. *Valentine,* 284 N. Y. 524; *Matter of Spackman* v. *Valentine,* 250 App. Div. 742.)

*Ignatius M. Wilkinson, Corporation Counsel* (*Morris Shapiro* and *James Hall Prothero* of counsel), for respondent. I. Petitioner failed to report for duty in violation of unanimous and uniform determinations of the Medical Board. There was no showing of fraud, accident or mistake on the part of the Medical Board. At most the evidence presents a mere difference of medical opinion and is therefore insufficient to warrant any interference with the order of the Fire Commissioner.

(*Matter of Potts* v. *Kaplan*, 264 N. Y. 110; *Matter of Sheridan* v. *McElligott*, 278 N. Y. 59; *Matter of Eichler* v. *McElligott*, 259 App. Div. 151, 283 N. Y. 716; *Matter of Thomasson* v. *Valentine*, 263 App. Div. 334.) II. A disciplinary determination will not be reviewed by certiorari if there is evidence which tends legitimately to support the determination. (*People ex rel.* v. *Board Fire Comrs. of N. Y.*, 82 N. Y. 358; *People ex rel. Masterson* v. *French et al.*, 110 N. Y. 494; *People ex rel. Morrissey* v. *Waldo*, 212 N. Y. 174; *People ex rel. Regan* v. *Enright*, 240 N. Y. 194.) III. Neither the Civil Service Law nor the Administrative Code afford petitioner the remedy of review as that remedy is available only to review a removal from office. (*People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156; *Matter of Doherty* v. *McElligott*, 258 App. Div. 257; *Matter of Greenfield* v. *Moses*, 169 Misc. 389, 257 App. Div. 809; *People ex rel. Scheel* v. *Guilfoyle*, 65 App. Div. 498.)

LEWIS, J. The petitioner, an honorably discharged veteran of World War I, is a uniformed member of the Fire Department of the City of New York. He was found guilty by the Fire Commissioner on five charges which were the subject of a hearing. The disciplinary action ordered on each of four of the charges (absence from duty without leave) consisted of a " reprimand." On the remaining charge (disobedience of orders) the petitioner was " fined five days' pay." The determination of the Commissioner further directed " The total period of absence without leave for five days and five hours (5–5/8 days), to be without pay." The cost to the petitioner of his dereliction has been the denial to him of pay for a total period of ten and five-eighths days which, reduced to monetary terms, amounts to $80.31.

The charges arose from these circumstances: Following a period of physical disability, the petitioner, upon examination by the Medical Board of the Fire Department, was found physically fit for full duty and was ordered to report to his post. Expressing unwillingness to comply with that direction he consulted his personal physician who advised him to remain in bed. The fact that he chose to follow the advice of his personal physician instead of obeying the order of a departmental medical officer was the basis of the charges of which he was found guilty.

Challenging the right of the Commissioner to discipline him in the circumstances thus disclosed the petitioner instituted the present proceeding in the nature of certiorari under article 78 of the Civil Practice Act.

At the outset we consider the City's position that certiorari will not lie to review the Fire Commissioner's determination. The argument is that the Civil Service Law, section 22, and the Administrative Code of the City of New York, section 487a-12.0, grant to the Fire Commissioner the power in his discretion to impose, as a disciplinary measure, the penalty which the petitioner now resists. In opposition the petitioner contends that as a veteran he was entitled to the hearing which was accorded him and that a review in the nature of certiorari of the Fire Commissioner's determination may be had as provided by Civil Service Law, section 22. The argument is made that although section 22 does not expressly give to a veteran the right of a trial of charges which have not resulted in his removal the statute must be construed as affording such right inasmuch as there must be a trial of charges before a veteran employee may be removed. We need not pass upon that contention in this proceeding to review disciplinary action of the Commissioner acting under authority conferred by section 487a-12.0. Removal of the petitioner was not sought and section 22 of the Civil Service Law has no application here.

We come then to the question whether under section 487a-12.0 of the Administrative Code a fireman's pay may be forfeited and withheld for any period without a hearing. Unless such hearing was authorized review will not lie under subdivisions 6 and 7 of section 1296 (art. 78) of the Civil Practice Act. Section 487a-12.0 of the Administrative Code provides in part: " § 487a-12.0 *Discipline of members; removal from force.* The commissioner shall have power, in his discretion, *on conviction* of a member of the force of any legal offense or neglect of duty, or violation of rules, or neglect or disobedience of orders, or incapacity, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct, or conduct unbecoming an officer or member, or other breach of discipline, to punish the offending party by reprimand, forfeiture and withholding of pay for a specified time, or dismissal from the force; but not more than ten days' pay shall be forfeited and withheld for any offense. * * * " (Emphasis supplied.)

We read the Code provision last quoted above as affording a hearing to a member of the Fire Department before a penalty may be imposed. Although the section does not in express terms provide for a hearing, provision is made that the punishment or penalty for any offense may be imposed only " on conviction " of a member of the force. The use of the phrase " on conviction ", we think, imports a trial or hearing as a necessary incident to a disciplinary proceeding. In the present case there was a trial by the Commissioner and so far as appears such procedure accords with the usual practice of the department.

For the reasons stated we are of the opinion that the petitioner was entitled to a review under subdivisions 6 and 7 of section 1296 (art. 78) of the Civil Practice Act of the proceedings which led to his conviction.

Upon such review at the Appellate Division — where the proceeding was treated as if the court at Special Term had made an order transferring it to that appellate court in the first instance (Civ. Prac. Act, § 1296) — the court passed upon the merits and concluded that the controversy involved only a difference of opinion on a medical question which did not warrant interference by the courts with the order of the Fire Commissioner. Accordingly the prior order of Special Term which had vacated the determination of the Fire Commissioner was reversed and the determination of the Fire Commissioner was confirmed.

We find in the record substantial evidence to support the determination of the Fire Commissioner and no evidence of abuse of his discretion.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Order affirmed.