In the Matter of MACK GERARD, Petitioner, against MILES F. McDONALD, as District Attorney of Kings County, Respondent.

Supreme Court, Special Term, Kings County, October 24, 1946.

*Herman E. Cooper* for petitioner.

*Miles F. McDonald, District Attorney,* respondent in person.

STODDART, J. The petitioner applies for an order pursuant to article 78 of the Civil Practice Act directing the respondent to reinstate him to his former position of Investigator in the Office of the District Attorney of Kings County at an annual salary of $4,000 and "to effect the payment to the petitioner of the difference between said annual salary of $4,000 and the payments of salary made to petitioner of a lesser amount since on or about January 1, 1946."

On September 11, 1945, the petitioner was appointed to the position of investigator by George J. Beldock, then District Attorney of Kings County. His annual salary was $4,000. On January 1, 1946, Miles F. McDonald, the respondent, assumed the duties of District Attorney, having been chosen for that office by the electorate in November, 1945. Thereafter, in January, the petitioner was advised that his annual salary would be $3,300.

It is the contention of the petitioner that the act of the respondent in reducing his salary was equivalent to a dismissal and that having been honorably discharged from the United States Navy, he could not be removed except for incompetence or misconduct established after a hearing as provided in subdivision 1 of section 22 of the Civil Service Law.

The petitioner cites *Matter of Greenfield* v. *Moses* (169 Misc. 389), *Matter of Bogacki* v. *Zolemski* (143 Misc. 140) and *People ex rel. Tyng* v. *Prendergast* (164 N. Y. S. 1042, affd. 178 App.

Div. 895, affd. 221 N. Y. 659), in support of his contention that he was dismissed from his position.

In the case first cited, *Matter of Greenfield* v. *Moses* (*supra*), a fine of ten days' pay had been imposed upon the petitioner for dereliction of duty and the use of intoxicating liquor. The court held that the fine was not tantamount to a removal within the meaning of subdivision 1 of section 22 of the Civil Service Law. In the *Bogacki* case (*supra*), it was held that to reduce the salary of a constable from $150 a month to $20 a month was equivalent of a dismissal. In the *Tyng* case (*supra*), although the relator's salary had been reduced to $3,500 after having been $4,500 for several years, neither a peremptory nor an alternative order of mandamus was granted.

The instant proceeding is based, as the *Greenfield* and *Bogacki* proceedings (*supra*) were based, upon a portion of the opinion at Special Term in the *Tyng* case (*supra*). At page 1049, Justice SHEARN wrote: " A reduction of salary is not a discrimination, and could not be a discrimination, unless there were several in one grade or class and the reduction did not apply to all. A reduction of salary effects neither a complete nor a partial discharge, unless the salary is reduced below a proper living wage, and there is no such claim in this case."

An examination of the papers submitted discloses that with one exception the other investigators in the District Attorney's office were receiving annual salaries of $3,300. The exception was the person who was chief investigator prior and subsequent to the four and a half months during which George Beldock occupied the office of District Attorney. In *Thoma* v. *City of New York* (263 N. Y. 402) it was held that the head of a department could lower the salary of an employee within the grade and as the District Attorney has the power to modify the salary of the petitioner (*People ex rel. Flood* v. *Gardiner,* 157 N. Y. 520; *Matter of Rudd* v. *Cropsey,* 159 App. Div. 275), it cannot be held that it was discriminatory to reduce the petitioner's salary to the amount paid the employees having similar title and duties. In fact, the District Attorney might more properly be charged with discrimination by the other investigators had he not reduced the petitioner's salary.

The contention that the petitioner's salary was reduced below a proper living wage is lacking in merit, although I appreciate the fact that the rise in the cost of living has made it increasingly difficult for those employees whose salaries have not risen proportionately to maintain their standard of living. The peti-

tioner was appointed by an official whose term of office was to expire in four months and whose likelihood of election to that position for the following term was, to say the least, doubtful. Within two months of his employment the petitioner learned as a result of the election that there would be a new district attorney. Under those circumstances, the petitioner should have known that the change in his superiors would be likely to result in some change in the administration of the office. Moreover, the period of time during which the petitioner received $4,000 was of such short duration that in my opinion the change in salary could not have required any great adjustment in his standard of living.

Application denied.