In the Matter of JOHN J. BROWN, Petitioner, against ROBERT MOSES et al., Constituting Triborough Bridge and Tunnel Authority, Respondents.

Supreme Court, Special Term, New York County, February 27, 1948.

*David A. Savage* for petitioner.

*Charles E. Murphy, Corporation Counsel,* for respondents.

PECORA, J.  Under subdivision 1 of section 22 of the Civil Service Law, a civil service employee who is a veteran cannot be removed from his position except for incompetency or misconduct " shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to review pursuant to article seventy-eight of the civil practice act." Formal charges were brought against petitioner, who is a veteran, for insubordination and a hearing was had upon such charges. In those charges, petitioner was notified as follows: " If you are found guilty of the above charges, you will be subject to removal from your position unless in the discretion of the Authority a lesser penalty will be deemed sufficient." Petitioner was found guilty of the charges and reprimanded as to two of the charges and suspended without pay for a period of two months on the third charge.

In this proceeding under article 78 of the Civil Practice Act to review the determination of respondents, petitioner urges that pursuant to section 1296 of the Civil Practice Act the cause must be transferred to the Appellate Division. Where a determination, sought to be reviewed, resulted after a hearing was held and evidence taken pursuant to statutory direction, and the sufficiency of the evidence is presented, the court is required to make an order transferring the cause to the Appellate Division (Civ. Prac. Act, § 1296; *Matter of Brenner* v. *Bruckman,* 253 App. Div. 607, appeal dismissed 278 N. Y. 503).

Respondents urge that, since petitioner was not removed from his position, but was only suspended without pay for two months, the hearing held was not " statutory " and does not entitle petitioner to review by the Appellate Division in the first instance. Respondents rely upon *Matter of Greenfield* v. *Moses* (169 Misc. 389, affd. 257 App. Div. 809). However, in that case no removal was sought. The petitioner there had been fined ten days pay for misconduct. The respondents were correct there when they argued that a right to a hearing on charges is granted only in those instances in which a removal of the employee would be warranted if he should be found guilty of the charges. Conse-

quently, the *Greenfield* case (supra) is no authority for a situation where removal would have been warranted upon a finding of guilt. So, too, in *Matter of Tiernan* v. *Walsh* (294 N. Y. 299, 303) the court said: " Removal of the petitioner was not sought and section 22 of the Civil Service Law has no application here."

I hold that where charges are brought against a veteran which may result in his removal he is given the right to a statutory hearing, and if found guilty he is entitled to a review of the evidence, irrespective of the punishment inflicted. The penalty meted out at the conclusion of a hearing cannot convert the nature of the proceeding from a statutory one to a discretionary hearing (*Matter of Farinella* v. *Walsh*, 184 Misc. 131, mod. 270 App. Div. 757; *Matter of Tiernan* v. *Walsh*, 268 App. Div. 962, affd. 294 N. Y. 299).

Since, therefore, the review sought here is of a determination which resulted after a hearing pursuant to statutory direction, and the sufficiency of the evidence is presented, I am required by section 1296 of the Civil Practice Act to make an order transferring this cause to the Appellate Division. Settle order accordingly.