In the Matter of RALPH M. STORRIER, Petitioner, against ROBERT MOSES, as Chairman of Triborough Bridge & Tunnel Authority, et al., Respondents.

Supreme Court, Special Term, New York County, March 5, 1951.

*O'Donnell & Schwartz* for petitioner.

*G. Frank Dougherty* for Robert Moses, as chairman, respondent.

*John P. McGrath, Corporation Counsel (William S. Lebwohl* and *Philip V. Sherman* of counsel), for Municipal Civil Service Commission, respondent.

HOFSTADTER, J. The petitioner, an honorably discharged veteran of the United States Navy, in the employ of the Triborough Bridge & Tunnel Authority (referred to as the Authority), has instituted this proceeding under article 78 of the Civil Practice Act, to annul the Authority's suspension of the petitioner from duty, without pay, from August 14 to August 18, 1950. The respondents are the Authority and the municipal civil service commission (referred to as the Commission).

Each of the respondents, instead of answering, has, pursuant to section 1293 of the Civil Practice Act, moved to dismiss the proceeding on the grounds that the court is without jurisdiction, that the petitioner, under subdivision 3 of section 22 of the Civil Service Law, is not entitled to review the suspension for the period here shown, and that the petitioner does not state facts sufficient to give the petitioner a right of review under article 78 or to entitle him to any relief. The challenge to the petitioner's right to maintain the proceeding, though specifying these different grounds, in essence rests on the single contention that the review of the suspension here sought is not permitted by subdivision 3 of section 22 of the Civil Service Law.

Before considering this contention the Commission's motion to dismiss may be disposed of briefly. As part of the relief

prayed for, the petitioner seeks to enjoin any entry of a substandard rating on his records by reason of his suspension. Assuming the relief so requested to be directed against the Commission, the petition contains no allegation of action to that end taken, or even threatened, by the Commission. It follows that, as to the Commission, the petition is insufficient and is dismissed.

Subdivision 3 of section 22 of the Civil Service Law provides: '' 3. Appeals. Any officer or employee of the state, or any city thereof, wherein a municipal civil service commission has jurisdiction * * * believing himself aggrieved by a penalty or punishment of demotion in or dismissal from the service or suspension without pay for a period exceeding ten days may appeal from such determination * * * by an application to the court in accordance with the provisions of article seventy-eight of the civil practice act.''

The charges with notice of hearing on which the petitioner's suspension is based informed him that, if found guilty, he would be subject to removal from his position. The Authority urges that the provision of subdivision 3 allowing review under article 78 of a suspension '' for a period exceeding ten days '' is an over-all limitation on the right of review, applicable to all civil employees, veterans as well as nonveterans. While the question is not free from doubt, I am of the opinion that the Authority's position is well taken. The language of subdivision 3 is broad and all-inclusive; it makes no exception in favor of veterans. Its obvious purpose is to maintain wholesome discipline without sacrificing the substantial rights of those in the public service. The Legislature undoubtedly confined the right of review as it did in the conviction that the review of minor penalties would tend to undermine discipline and impair and disrupt the service. So viewed, there is no reason why veterans should be exempt from this limitation. The protection against removal without a hearing given to veterans does not place them beyond the reach of reasonable disciplinary measures such as the one here considered enacted for the general good of the service.

*Matter of Brown* v. *Moses* (191 Misc. 360; determination of Authority confirmed 275 App. Div. 834) does not touch the present question. Since Brown's period of suspension exceeded ten days, the case was in no event within the provision of subdivision 3 of section 22 of the Civil Service Law here considered. All *Matter of Brown* v. *Moses* (*supra*) held was that when a veteran is suspended without pay for a period entitling him to

a review after a hearing on charges stating that they might result in his removal, the hearing is statutory and, therefore, transferable to the Appellate Division under article 78 of the Civil Practice Act. Brown, whether a veteran or not, was clearly entitled to a review. All that the case held was that because the hearing given him was pursuant to statute the review was to be heard in the first instance in the Appellate Division.

The policy of the limitation expressed in subdivision 3 of section 22 of the Civil Service Law would be defeated were honorably discharged veterans in the service excluded from its operation. I, therefore, hold that since the petitioner's suspension was for less than ten days, the statute has withheld the right to review it. The Authority's motion is granted and the proceeding is dismissed. Settle order.