Benjamin Brenner, J.
Separate motions are made by the two groups of respondents, the New York City Transit Authority and the New York City Civil Service Commission, to dismiss the petition as failing to state a cause of action as against each group. The petitioners allege that certain action taken by the Transit Authority involving suspension of their individual members for periods of from five to seven days and probation for periods of six months each was illegal.
The proceeding is an outgrowth of a situation which arose In this city on October 3, 1955 when a substantial number of *961 motormen who operate the city subway trains simultaneously reported ‘1 sick ’ ’ and failed to appear for work, resulting in a paralyzing transit breakdown to the inconvenience of thousands of passengers. About 132 motormen were said to have been involved. On October 26, 1955 the Transit Authority took the action aforesaid. Some 69 of such motormen unite herein as petitioners, inviting others similarly situated to join them.
The petition fails to state a cause of action as to the members of the City Civil Service Commission. Such group of defendants is referred to only in paragraph “ Third ” which describes their official status as members of the commission; also, in paragraph “ Ninth ” it is alleged that petitioners were in the competitive class of the civil service. It is not alleged that the members of the commission participated in or were in anywise responsible for the acts of which the petitioners complain, or that any action prejudicial to petitioners and embraced within the relief sought is pending before them or contemplated. Oral argument to the effect that the records of the commission may need correction is mere speculation as to desirable relief and is insufficient to establish a cause of action as against the City Civil Service Commission.
Petitioners’ complaint as to the Transit Commission in the main is that they were not afforded a hearing pursuant to section 22 of the Civil Service Law.
Subdivision 2 of the statute deals with “ removals ” and provides that “No officer or employee holding a position in the competitive class of the civil service of the state, or any civil division or city thereof, shall be removed except for incompetency or misconduct after a hearing.” Subdivision 3 affords review for removal or suspension for more than 10 days. It is not alleged that petitioners were * ‘ removed ’ ’ or suspended for a period in excess of 10 days and so it would seem that there is insufficient allegation of a requisite base for a hearing or review. (Matter of Tiernan v. Walsh, 294 N. Y. 299, 303; Matter of Greenfield v. Moses, 169 Misc. 389, 390, affd. 257 App. Div. 809; People ex rel. Tyng v. Prendergast, 164 N. Y. S. 1042, 1049, affd. 178 App. Div. 895.) But the suspension for a period of less than 10 days was coupled with a probationary sentence. This possibly involved a threat of removal which is latent in the probationary sentence. It cannot be gainsaid that the imposition of a probationary sentence is something additional to the actual period of suspension, measured by days. This carries with it the possibility or threat of removal or suspension for a further period or other punishment in the light of future *962 events, within the probationary period, and needs to be clarified. It may, moreover, appear in the light of what may develop upon this proceeding that there factually is a threat of removal, implicit in the probationary sentence, in which event the petitioners are entitled to a formal hearing and their right to appeal therefrom under subdivisions 2 and 3 of the statute.
Apart from all this, though cognizant of the right and duty of the Transit Authority to enforce disciplinary measures which it may find necessary to properly run the city’s transportation facilities, I think that fair and democratic administration implies a duty not to act in an arbitrary or capricious manner.
The petition alleges that petitioners were not apprised of the accusation which was the basis of the action taken and did not learn of it until some subsequent time and were not given an opportunity to meet it. The transcript of an interview by an officer of the Transit Authority with one of the petitioners, assertedly typical of the experience of the others, is factually supported. The transcript reveals no charge, except as absence from work can be inferred, and no opportunity given to test whether or not the employee interviewed was or was not bonafidely ill, or was even a member of the disaffected union. It may be incorrect, or incomplete, and perhaps the employee was given other means of knowing why he was facing disciplinary action and a chance to explain his position. That fact may be shown in the answer. The allegations in the petition are sufficient and thus deserve to be answered.
The case of Matter of Storrier v. Moses (199 Misc. 718), cited on behalf of the respondent Transit Authority, is not in point, for there suspension followed a hearing with due notice to the employee that “ if found guilty, he would be subject to removal from his position ”, and he was given ample opportunity to appear and defend. An appeal to the courts was denied in that case because the suspension did not exceed 10 days.
Hence, while the court will not interfere with the proper exercise of discretion by an administrative body, there clearly must be a showing of some basis to warrant it. (See Matter of Schwab v. McElligott, 282 N. Y. 182, 186.)
The application by the City Civil Service Commission to dismiss the petition is granted and that of the Transit Authority is denied and the latter respondent is required to interpose its answer. Settle order on notice.