In the Matter of JOSEPH F. GRECO, Respondent, *v.* COMMISSIONER OF SANITATION OF THE CITY OF NEW YORK et al., Appellants.

First Department, March 10, 1964.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for appellants.

*Benjamin C. Amodeo* for respondent.

McNALLY, J. Respondents appeal from a final order which granted petitioner's application under article 78 of the Civil Practice Act, after trial, under an alternative order, before a court without a jury and directed respondents to forthwith restore petitioner to the position of sanitation man, and further awarded judgment in favor of petitioner in the sum of $7,696.33, representing the amount petitioner allegedly lost in wages as a result of respondents' failure to restore him to his position after the statutory medical examination.

The pertinent statute (Administrative Code of the City of New York, § B3–41.0) reads, in part, as follows: " Once each year the board of estimate may, and upon his application shall, require any disability pensioner, under the minimum age for service retirement for the group from which he was retired to undergo medical examination. * * * the medical board shall report and certify to the board of estimate whether such beneficiary is or is not totally or partially incapacitated * * *. If the board of estimate concur in a report by the medical board that such beneficiary is able to engage in a gainful occupation, it shall certify the name of such beneficiary to the appropriate civil service commission, state or city, and such commission shall place his name as a preferred eligible on such appropriate lists of candidates as are prepared for appointment to positions for which he is stated to be qualified ".

Under the statute both the Board of Estimate and the City Civil Service Commission should be parties. The omission to join them does not require a dismissal of the petition since we could grant leave to bring in the Board of Estimate and the City Civil Service Commission as parties respondent, direct them to answer the petition after service of the order upon them and proceed accordingly. (See *Matter of Kayfield Constr. Corp.* v. *Morris*, 14 A D 2d 769.)

It is to be noted that the maximum relief to which petitioner would have been entitled had the City Civil Service Commission been made a party would have been the placement of his name on a preferred eligible list for appointment. There is no basis for the award of damages whatsoever. As to reinstatement, we conclude the petitioner may not prevail.

Petitioner, an employee of the Department of Sanitation since 1930, was retired effective September 19, 1946 on account of ordinary disability by reason of bilateral drum perforation and

bilateral otitis media incurred while on military leave. He applied to the Department of Sanitation on January 26, 1960 for reinstatement to the equivalent of his former position. In response to this request petitioner was examined by the Medical Board of the New York City Employees' Retirement System. On August 11, 1960 he was examined by Drs. Galvin and Enklewitz who found after such examination 50% impairment of hearing of the right ear and that he was thereby incapacitated for the performance of the duties of his title. Accordingly, the Medical Board recommended that his application for restoration to a preferred eligible list be denied. Petitioner thereafter commenced this article 78 proceeding.

Petitioner testified that he applied for the statutory examination by the Medical Board in 1960 after the Veterans' Administration informed him that his veteran's disability pension was to be reduced from 40% to zero.

Dr. Enklewitz, the secretary of the Medical Board of the New York City Employees' Retirement System, one of the doctors who examined petitioner on August 11, 1960, testified the impairment of hearing in petitioner's right ear was 50%. The impairment of hearing found at said examination was in the opinion of Dr. Enklewitz permanent, and sufficent to disqualify petitioner for reinstatement. Dr. Enklewitz further testified this his finding would have been the same without the report of Dr. Subkis, chief medical officer of the Department of Sanitation, and that said report was considered as a matter of courtesy. Dr. Subkis never examined petitioner.

Moreover, petitioner offered the report of his own expert, Dr. Thaler, dated December 11, 1962. Dr. Thaler's audiometric examination of petitioner on said date revealed a loss of hearing in the right ear of 28.96% and 8% in the left, and that the hearing loss was of a conductive type. Dr. Enklewitz testified that the medical finding of Dr. Thaler served to disqualify petitioner for reinstatement.

We may not substitute our judgment for that of the Medical Board in the absence of fraud, accident or mistake. (*Matter of Tiernan* v. *Walsh*, 294 N. Y. 299; *Matter of Rosenberg* v. *Board of Estimate*, 257 App. Div. 839, affd. 281 N. Y. 835; *Matter of Kayfield Constr. Corp.* v. *Morris*, 15 A D 2d 373; *Matter of Gratz* v. *Cavanagh*, 18 A D 2d 887.) In the absence of proof of fraud, accident or mistake the petition is insufficient as a matter of law. (*Matter of Sheridan* v. *McElligott*, 278 N. Y. 59; *Matter of Eichler* v. *McElligott*, 259 App. Div. 151, affd. 283 N. Y. 716; *Matter of Strauss* v. *Hannig*, 256 App. Div. 662, affd. 281 N. Y. 612; *Matter of Phillips* v. *McElligott*, 254 App. Div.

863, affd. 279 N. Y. 792; *Matter of Hickie* v. *Valentine,* 177 Misc. 743, affd. 262 App. Div. 832, mot. for lv. to app. den. 287 N. Y. 854; *Matter of Nilsson* v. *La Guardia,* 259 App. Div. 145.)

In view of the proof there is no basis for the holding by the trial court that the action of the Medical Board was arbitrary, unreasonable or capricious. Accordingly, the final order should be reversed, on the law and on the facts, and the petition dismissed, without costs.

BOTEIN, P. J., BREITEL, VALENTE and STEUER, JJ., concur.

Order, entered on February 16, 1963, unanimously reversed, on the law and on the facts, and the petition dismissed, without costs.