Stewart F. Hancock, J.
This CPLR article 78 proceeding presents the novel question of whether a civil service employee found not guilty of incompetence or misconduct in a hearing pursuant to section 75 of the Civil Service Law may, nevertheless, be punished by the deduction of two hours’ pay for a violation of a "work rule” requiring employees to "punch out” at the completion of a shift.
• It is undisputed that the charges were brought and all proceedings including a lengthy hearing conducted pursuant to section 75 of the Civil Service Law. In his decision the Hearing Officer found "that the violation of the Work Rule regarding the time clock did not constitute incompetence or misconduct(Emphasis supplied.) Despite this finding, the Hearing Officer recommended as a "penalty” the loss of two hours’ pay and sought to justify the seeming anomaly upon the ground that a section 75 hearing was not required under the law and could be ignored and the "penalty” imposed as though it had never taken place. In his recommendation he relied on the "landmark decision” of Matter of Greenfield v Moses (169 Misc 389). On July 14, 1975 the administrative director, after adopting the findings of the Hearing Officer, imposed as the "punishment” for the defendant two hours’ loss of pay.
The petition should be granted and the action of the administrative director vacated and annulled as contrary to the express provision of subdivision 1 of section 75 of the Civil Service Law prohibiting "any disciplinary penalty provided in this section except for incompetency or misconduct shown *593 after a hearing upon stated charges pursuant to this section”. A fine or a deduction from wages is a "disciplinary penalty” requiring a hearing. (Civil Service Law, § 75, subd 3.) Greenfield v Moses (supra), relied on by the Hearing Officer, is pot applicable since it relates not to section 75 of the Civil Service Law but to former section 22. Former section 22 of the Civil Service Law required a hearing and a finding of incompetency or misconduct not for any "disciplinary penalty” (as in § 75, subd 1) but only before the punishment of removal could be imposed.
Respondent cites no authority to support its argument that the pay deduction is not a "disciplinary penalty” within the meaning of that term in section 75 and that such deduction may be imposed as "a proper function of management control” without a finding of incompetency or misconduct. If respondents’ position were the law, it is apparent that a public employer could easily circumvent section 75 merely by calling the fine a "pay deduction” and imposing it as a "management prerogative” pursuant to a "work rule.” We think the Legislature intended that section 75, adopted for the protection of public employees, should not be so easily evaded.