■ In the Matter of CATHLEEN MILLER, Respondent, v GARRY LOEWEN-BERG, as Superintendent of Schools of the Carmel Central School District, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination discharging petitioner as a school bus driver, the appeal (by permission) is from so much of an order of the Supreme Court, dated December 26, 1978 and entered in Putnam County, as denied appellants' application to dismiss the petition on the ground that it fails to state facts sufficient to entitle petitioner to the relief sought. Order reversed insofar as appealed from on the law, without costs or disbursements, and the motion to dismiss is granted. Since petitioner was not entitled to a hearing prior to her discharge, she cannot be heard to complain about defects in the informal hearing granted her as a matter of grace. (See *Matter of Brown v North Syracuse Cent. School Dist.,* 55 AD2d 813; *Matter of Greenfield v Moses,* 169 Misc 389, affd 257 App Div 809; *People ex rel. Lion v Murray,* 5 App Div 288.) The petition, the motion papers, and the accompanying exhibits show that the determination was not arbitrary or capricious. (See *Matter of Talamo v Murphy,* 38 NY2d 637.) The claim that petitioner is entitled to a due process hearing because her dismissal was of a stigmatizing nature has not been considered. This allegation had not been previously raised and will not be considered for the first time on appeal (see *Matter of Glazer v Hankin,* 50 AD2d 924, mot to dismiss app granted 39 NY2d 743). In any event, we note that the generalized determination of the board of education to dismiss petitioner, who could have been terminated at will, was not based on any particularized stigmatic factual determinations. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.