In the Matter of HARRY M. CHAPIN, Respondent, against BOARD OF EDUCATION OF THE CITY OF BUFFALO, Appellant.

Argued October 5, 1943; decided November 24, 1943.

*Andrew P. Ronan, Corporation Counsel (Gerald J. Shields of counsel), for appellant.* Petitioner and other teachers were bound by the decision of the Commissioner of Education, having elected to pursue the remedy provided by section 890 of the Education Law. (*Matter of Cochran* v. *Levy,* 175 Misc. 666; *Matter of Levitch* v. *Board of Education,* 243 N. Y. 373; *Kabatt* v. *Board of Education,* 246 App. Div. 886, 271 N. Y. 629; *Bullock* v. *Cooley,* 225 N. Y. 566.) The proper practice under section 1284 of article 78 of the Civil Practice Act should have been a review of the decision of the Commissioner of Education rather than the institution of the instant proceeding. (*Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488; *Matter of New York Water Service Corp.* v. *Water Power & Control Comm.,* 283 N. Y. 23; *Matter of Craig* v. *Board of Education,* 173 Misc. 969; *Matter of Levitch* v. *Board of Education,* 243 N. Y. 373; *Matter of Fabricius* v. *Graves,* 254 App. Div. 19; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187; *People ex rel. Battista* v. *Christian,* 249 N. Y. 314; *Matter of Jacobson* v. *Board of Education,* 177 Misc. 809.) The doctrine of *res judicata* is applicable in this proceeding. The issues and parties in this proceeding being the same as in the Ray-

mond J. Murphy, et al. appeal, the petitioners-respondents were bound by the determination and adjudication in the former proceeding. (*Bell* v. *Merrifield*, 109 N. Y. 203; *Clark* v. *Scovill*, 198 N. Y. 279; *Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14; *Elder* v. *New York & Penn. Motor Express Inc.*, 284 N. Y. 350; *United States* v. *California & Oregon Land Co.*, 192 U. S. 355.)

*William J. Sernoffsky* for respondent. The court has jurisdiction to determine the question presented. (*Matter of Craig* v. *Board of Education*, 173 Misc. 969; *Matter of Jacobson* v. *Board of Education*, 177 Misc. 809; *Matter of O'Connor* v. *Emerson*, 196 App. Div. 807.)

*Per Curiam.* Petitioner has been for many years a teacher in the public vocational high schools of Buffalo; since 1936 he has taught only " Academic English." By this proceeding (in the nature of mandamus) under article 78 of the Civil Practice Act, he seeks to establish his contention that he is by law entitled to a salary of $2,600 per year and that an attempted reduction thereof to $2,500 by the respondent Board of Education in 1939, was illegal. The Board in its answer asserts that the 1939 reduction was legally made. It takes the position that the maximum annual salary of $2,600 established by the Board for " vocational teachers " in 1920 and thereafter mandatory (see Education Law, § 884), was not applicable to petitioner because he is and was a teacher of " social " or " academic " subjects, not of " vocational " subjects, in a vocational high school. Teachers like petitioner, according to respondent Board, are not and never have been " vocational teachers " but are and have been " high school classroom teachers " for whom the mandated maximum salary is and was $2,400. The Board admits that it paid petitioner $2,600 annually for some years but claims that there was included therein a voluntary increase of $200 over the mandated maximum. This $200 increase, says the Board, could be and was legally withdrawn (in part) when petitioner's salary was reduced from $2,600 to $2,500 in 1939. The Board sets up also a defense to the effect that the same issues here raised were determined adversely to petitioner by the State Commissioner of Education in a proceeding in the form of an " appeal " taken to that official by petitioner and

others from the Board's action in making the 1939 reduction from $2,600 to $2,500. The Board attached to its answer herein a copy of the State Commissioner's decision in that proceeding, in which decision the Commissioner, after discussing the facts of this dispute and the contentions of the adversaries, stated and held that teachers " who devote a majority of their time to recognized non-vocational, or academic subjects are teachers of academic subjects even though they teach in vocational schools." It plainly appears that the issues before the State Commissioner were identical with those now before the courts in this proceeding. The Commissioner's holding is, of course, the direct opposite of the claim of petitioner in the proceeding presently before us. That decision of the Commissioner, while it stated a rule which, if and when applied to petitioner, necessarily defeats his claim, did not in so many words state whether the 1939 reduction was legal or illegal *as to any particular teacher.* Instead the decision, reciting that the record before the Commissioner did not plainly show which of the teachers who had appealed to him were teaching " academic subjects " and which teachers were teaching " vocational subjects ", directed the Board of Education to " examine into the services being performed by the appellants and allocate them to the proper schedule in accordance with the above." Petitioner has not attempted to *review* that determination by a proceeding against the *Commissioner* under article 78 of the Civil Practice Act but, ignoring or by-passing the Commissioner's holding, seeks in this proceeding an order directing the *Board of Education* to pay him the higher salary of $2,600, to which, according to the Commissioner's decision, petitioner is not entitled. Special Term and the Appellate Division were of the opinion that petitioner is entitled to the relief he prays for. We take the contrary view.

Section 890 of the Education Law makes " final and conclusive, and not subject to question or review in any place or court whatever ", a decision of the Commissioner of Education on an " appeal " to him in a controversy such as this. Similar provisions have been in the statutes since 1822 (see chapter 256 of the laws of that year). Since the Commissioner's determination of this controversy is not shown to have been " purely arbitrary ", it was and is final and binding on petitioner and his

colleagues. (*Matter of Levitch* v. *Board of Education*, 243 N. Y. 373.) The conclusiveness of that decision is not affected by its failure to take on the conventional form and appearance of a court order or judgment. Though it did not single out petitioner and announce that *his* salary had been legally reduced, the Commissioner's decision did contain a plain and unmistakable ruling on the question tendered to him by petitioner and his associates, which ruling, applied to the undisputed facts of petitioner's teaching work, resulted necessarily and as of course in holding valid the reduction, the legality of which petitioner attempts to litigate anew in this proceeding. By the express language of section 890 of the Education Law, such a resort to the courts, after a failure to convince the Commissioner, is forbidden.

The orders should be reversed, without costs, and the proceeding dismissed.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Orders reversed, etc.