Donald S. Taylor, J.
In this article 78 (Civ. Prac. Act) proceeding petitioner McGrill, a teacher who had tenure, seeks to review and annul the determination of the respondent Commissioner of Education which sustained the action of the Board of Higher Education of the City of New York in dismissing him from his position as an associate professor in the department of psychology and philosophy of Hunter College. The petitioner was tried, together with two fellow professors, by the trial committee of the board on charges preferred by its special committee after it had conducted a preliminary investigation. The board found the charges to have been sustained as to Specifications I, II, III, IV and VI and the petitioner was thereupon dismissed from his teaching position. The petitioner then appealed to the respondent who upheld the board on the ground that the charges made against the petitioner in Specification II were supported by the record and that the procedural objections which he raised were not tenable. Petitioner contends that the action of the commissioner is arbitrary, erroneous, discriminatory and violative of due process. In this proceeding the propriety of the board’s dismissal of petitioner must be judged solely by the grounds invoked by the respondent. (Matter of Barry v. O’Connell, 303 N. Y. 46, 50; Securities Comm. v. Chenery Corp., 332 U. S. 194,196.)
Petitioner was charged in Specification II with conduct unbecoming a member of the staff in that, with the design to mislead and deceive it and to impede and obstruct its investigation of the public education system of the State, in 1941 he knowingly, willfully and falsely testified, under oath, before the Rapp-Coudert Legislative Committee that he had never been a member of the Communist party, never attended its meetings or those of any unit thereof, did not know any staff member of any of the municipal colleges who was or had been a member of the Communist party and had never used the pseudonym “ Philip Carter ” in authorizing various articles and book reviews published in “ The Communist ”, then an official organ of the Communist party in this country and in the “ New Masses ”, another organ of that party. These accusations, with the exception that he contended that he wrote only book reviews and not articles for the magazines so identified, the petitioner *450 admitted unequivocally both in his answer and in his testimony before the trial committee.
This charge was framed in the terms of section 6206 (subd. 10, par. d) of the Education Law, commonly called the Tenure Law. Petitioner moved preliminarily to dismiss it on the ground that the applicable procedural rules of the board had not been followed. The commissioner’s action in sustaining the board’s denial of the petitioner’s preliminary motion is the crux of his present claim of arbitrariness.
Subdivision 10 (supra) provides that proceedings for the removal of a person having tenure “ shall be conducted in accordance with the by-laws of the board ’ ’.
Section 119-a of the board’s applicable by-law, in part, stated: “ a. Charges against a member of the permanent staff may be made by a president, dean, director, department head, principal, member of the Board, or the Board itself. Charges shall in the first instance be presented to the president * * * It shall be the duty of the president * * * upon making or receiving such charges to submit them with all supporting evidence to a committee on faculty personnel. Such committee shall make such investigation of such charges as in its judgment may be warranted and file its report with all supporting evidence with the president * * * who shall forward formal charges and specifications to the Board together with his own and the committee’s recommendations. If the committee or the president recommends a trial by the Board upon such charges, then the Board shall proceed in the manner hereinafter set forth. If the committee and the president or either of them report against further investigation or trial of such charges, their action shall be final unless the Board by resolution decides to proceed with such charges upon its own authority.” (Emphasis supplied.)
Section 119-b thereof provided: “ b. Charges for disobedience of any direction of the Board or of any committee thereof, whether such direction has been given by resolution or by bylaw, shall be presented directly to the Board, which may, if it so desires, order a trial upon such charges. If a trial is so ordered the procedure shall be as provided hereinafter, except that, without the concurrence or recommendation of any college officer or committee, the Board may take any and all action provided therein for the Board or any college officer.”
Under the board’s interpretation of these sections, with which the petitioner seems not to quarrel, the presentment of charges of unbecoming conduct and neglect of duty are procedurally governed respectively by sections 119-a and 119-b.
*451 The petitioner’s principal arguments in respect to Specification II are that the board had no power to constitute a special committee of its members to make a preliminary investigation of petitioner’s conduct and, based thereon, to prefer the charge and that the failure of the board to present it in the first instance to the president of the college where he was employed deprived petitioner of his right to a president-faculty investigation and report.
The power of the board to conduct a preliminary investigation through its special committee was recognized by petitioner’s counsel at the trial.[1] The committee’s presentment of charges emanating from its investigation of petitioner’s conduct was consistent with the letter and intent of the applicable by-law. In no way can this procedure be construed to have been an abdication of the board’s power or a delegation of its duties. The charges contained six specifications, two of which (I and II) charged the petitioner only with conduct unbecoming a member of the staff (Education Law, § 6206, subd. 10, par. d) and four of which (III, IV, V and VI) charged him on the same grounds additionally with neglect of duty. (§ 6206, subd. 10, par. b.) All stem from the underlying basic fact that while a member of the professorial staff the petitioner concealed his membership in the Communist party. Moreover, a recommendation against further investigation or trial of the unbecoming conduct charge by the faculty committee would not have foreclosed action by the board on its own initiative and authority. Viewed in its appropriate setting the combined presentment of both counts directly to the board in the first instance was purely administrative and did not deprive the petitioner of due process. In summary, the procedures adopted by the board did not abridge the petitioner’s rights under the Tenure Law or the Federal or State Constitution.
Petitioner’s other over-all claim that he was not accorded a fair trial by the board’s committee in that he was compelled to testify against himself, that he was denied a separate trial, that his refusal to identify other employees in the school system known by him to have been members of the Communist party adversely affected the board’s judgment, that the board adopted the trial committee’s recommendations hastily and without due deliberation and that it occupied a prosecutor-jural position which deprived it of objectivity can hardly be effectively urged *452 as to Specification II. As to this specification the trial presented no real issue.[2]
Finally, the petitioner urges that the respondent’s discretion was abused in sustaining the measure of punishment which the board imposed. (Civ. Prac. Act, § 1296, subd. 5-a.) Under this statute the court is authorized to set aside the respondent’s determination ‘ ‘ only if the measure of punishment * * * imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness.” (Matter of Stolz v. Board of Regents, 4 A D 2d 361, 364.) On this record it cannot be said that the punishment imposed was so inappropriate to the inherent nature of petitioner’s offense as to shock the sense of justice of the court.
From the foregoing it follows that the commissioner’s determination has warrant in the record, reasonable basis in law and was neither factually nor legally arbitrary. Under such circumstances the court is without power to review it. (Board v. Hearst Publications, 322 U. S. 111, 131; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; Red Hook Cold Stor. Co. v. Department of Labor, 295 N. Y. 1, 9; Matter of Chapin v. Board of Educ. of City of Buffalo, 291 N. Y. 241; Matter of Levitch v. Board of Educ. of City of N. Y., 243 N. Y. 373, motion for reargument denied 244 N. Y. 505; Education Law, § 310.) Accordingly, the petition is dismissed on the merits, without costs.
Submit order.

. He stated: “ I am not questioning at all the power of the Board to investigate, sir, not in the least, to appoint a Committee, to have a Committee make an investigation.” (Minutes, p. 28.)

. The petitioner testified: “ Q. Were the answers that you gave to such questions true or false? A. Untrue. * * * I have no real excuse, I just throw myself on the mercy of the Court on this. I think my stupidity was indefensible.” (Minutes, pp. 231, 274.) In summation his counsel was asked: “ The Chairmah : Specification II, all the facts stated in it, I take it, are all admitted?”
He replied: “ They are all admitted. I have no justification to suggest or present for that, any more than my client did on the stand. It was a gravely moral error, a breach of professional personal conduct, inexcusable. It should be and may properly be viewed in the light of the immediate surrounding circumstances.
“It illustrates what evil Communist Party membership teaches and induces on the part of fundamentally decent, fine people.” (Minutes, pp. 887-888.)