■ FRED ANKEN et al., on Behalf of Themselves and All Other Residents of the Sandy Creek Central School District No. 1, Oswego, Jefferson, Oneida and Lewis Counties, Respondents, v. BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT No. 1. OF THE TOWNS OF SANDY CREEK and Others, Appellants.— Judgment unanimously reversed on the law, without costs, and petition dismissed. Memorandum: Following approval by school district voters of a school construction program petitioners appealed to the State Commissioner of Education

by petition to set aside the election and to grant a hearing as to the qualifications of certain voters in the election. The Commissioner held no hearing, but on submission of affidavits upheld the validity of the district election and dismissed the appeal. This proceeding was then commenced against the Board of Education seeking an order annulling the determination and decision of the Commissioner of Education. While in a proper case the administrative appeal provided in the Education Law has been held not to be exclusive (see *Matter of O'Connor* v. *Emerson*, 196 App. Div. 807, affd. 232 N. Y. 561), once that road is chosen the decision of the Commissioner is conclusive. As Justice Halpern wrote in *Matter of Ross* v. *Wilson*, 284 App. Div. 522, 526 : " Instead of resorting to the courts in the first instance, the petitioners chose to appeal to the Commissioner of Education, as they had the right to do under the Education Law. Having appealed to him, they must accept his decision as conclusive (*Barringer* v. *Powell*, 230 N. Y. 37; *Matter of Chapin* v. *Board of Educ.*, 291 N. Y. 241) ". In *Chapin* the court held (p. 245) : " By the express language of section 890 [now § 310] of the Education Law, such a resort to the courts, after a failure to convince the Commissioner, is forbidden ". The substantive issues raised in this proceeding were presented to the Commissioner of Education for adjudication and were determined by him on an appeal wherein the parties were identical to the parties in this proceeding. Although no hearing was held, it is clear that such is not obligatory in appeals before the Commissioner of Education (*Matter of O'Brien* v. *Commissioner of Educ.*, 3 A D 2d 321; 8 NYCRR 276.2 [d]), and after submission of affidavits the appeal was denied on the merits by the Commissioner acting in a quasi-judicial capacity. Thus in the absence of a direct attack upon the Commissioner's decision by the commencement of an article 78 proceeding to which the Commissioner would be a necessary party, his decision is conclusive and binding upon the parties (Education Law, §§ 310, 2037). (Appeal from judgment of Onondaga Trial Term annulling determination of Commissioner of Education and voiding election.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Simons, JJ.