■ In the Matter of CLARABELLE Z. BROWN, Petitioner, v NORTH SYRACUSE CENTRAL SCHOOL DISTRICT et al., Respondents.—Determination unanimously confirmed, without costs, Simons, J., not participating. Memorandum: Petitioner commenced an article 78 proceeding in which she sought to set aside the decision of respondent, North Syracuse Central School District, which discharged her from her position as a school bus driver. She contends that the decision to discharge her is arbitrary since (1) respondent failed to comply with the statutorily mandated termination procedures set forth in section 75 of the Civil Service Law and (2) the record did not contain substantial evidence to support the charge against her. Respondent moved for leave to serve its supplemental answer in which it alleges, as a complete defense to petitioner's proceeding, that she is not entitled to the

protections mandated by section 75. Special Term denied respondent's motion and transferred the proceedings to this court pursuant to CPLR 7804 (subd [g]). The instant article 78 proceeding was instituted to review an administrative determination not resting on a hearing mandated by law and, therefore, Special Term should have determined the matter *(Matter of 125 Bar Corp. v State Liq. Auth.,* 24 NY2d 174, 180). We may, however, consider the matter and determine it on the merits (CPLR 7804, subd [g]; *Matter of Willow Garden Apts. v Riker,* 36 AD2d 892). The record discloses that petitioner was afforded a full hearing in which she was represented by counsel and had the opportunity to confront and cross-examine the witnesses against her. Petitioner, a school bus driver, was not a member of the classified civil service entitled to a hearing pursuant to section 75 of the Civil Service Law. The fact that she was offered and granted a pretermination hearing which substantially afforded her the protections of that statute should not now serve as the basis for a valid complaint on her part that the hearing was not in technical compliance with the statute *(Matter of Greenfield v Moses,* 169 Misc 389, 391, affd 257 App Div 809). Although the evidence presented concerning petitioner's alleged crossing of railroad tracks while transporting a busload of school children while the red signal lights were flashing and the train was visibly approaching the intersection (Vehicle and Traffic Law, § 1171, subd [a]) was conflicting, we conclude that respondent's determination was neither arbitrary nor capricious, but rather predicated on a rational basis. In light of all the surrounding circumstances we do not believe that the penalty of discharge was so disproportionate to the offense as to shock one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222), particularly in view of the fact that the record reveals that the train was so close that it could not have stopped in time to avoid striking the bus had the bus failed to negotiate the crossing. (Article 78 proceeding transferred by order of Onondaga Supreme Court.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.