■ In the Matter of NORA KARIN, Appellant, v BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF NEW HARTFORD, KIRKLAND, AND PARIS, Respondents. (Appeal No. 1.)—Judgment unanimously affirmed, without costs. Memorandum: On October 14, 1969 petitioner, Nora Karin, was presented with a notice of charges by the respondent, board of education, and was informed that section 3012 of the Education Law permitted her to appear before the board and answer the charges. Following a hearing the board on November 11, 1969 voted to affirm the charges and petitioner was dismissed from her employment with respondent. Thereafter on December 9, 1969 petitioner elected to appeal the board's decision to the Commissioner of Education. By decision of April 15, 1970 the commissioner affirmed the board's determination and dismissed the appeal. On August 11, 1970 petitioner commenced an article 78 proceeding to review the determination of the board. Special Term correctly concluded that the petition should be dismissed because petitioner had elected to appeal to the commissioner and could not thereafter challenge the board's determination in an article 78 proceeding. Special Term further found that the proceeding, commenced nine months after the board's determination, was untimely under CPLR 217. Petitioner filed a notice of appeal from Special Term's judgment but did nothing to perfect it. Thereafter, on January 5, 1975, and after a change of counsel, petitioner obtained an order to show cause why she should not be relieved of her dismissal on the grounds that the board of education lacked jurisdiction to discharge her. By order of April 16, 1976 Special Term denied the petition and granted the board's cross motion to

dismiss. Having elected to appeal the board's decision to the Commissioner of Education, petitioner may not seek review of the board's determination, but may obtain judicial review of the commissioner's determination if it is shown to have been "purely arbitrary" (*Matter of Baer v Nyquist*, 34 NY2d 291; *Matter of Board of Educ. v Nyquist*, 31 NY2d 468). Under the circumstances here the petitioner failed to join the Commissioner of Education, an indispensable party. She failed to name the commissioner in the caption of the proceeding, demanded no relief from and did not refer to the commissioner as a respondent in the petition. Petitioner also failed to perfect the appeal for more than five years. In view of this and because of the limited scope of judicial review, we find no abuse of discretion by Special Term in denying leave to amend the petition to name the commissioner as a party respondent and to transfer venue to Albany County. Further, we find that Special Term correctly dismissed petitioner's motion for an order pursuant to CPLR 5015 (subd [a], par 4) to relieve petitioner from dismissal and from the decision of the board entered on November 11, 1967 and vacating and setting aside said decision on the ground that the school board lacked jurisdiction to render said decision. CPLR 5015 (subd [a], par 4) permits the court to set aside a judgment or order upon the ground that the court which rendered the judgment or order lacked jurisdiction. Petitioner does not allege that the court lacked jurisdiction but, rather, that the board lacked jurisdiction. We find that although the notice of charges informed petitioner that the hearing was being held pursuant to former section 3012 of the Education Law when it concededly should have been held pursuant to former section 3013 of the Education Law; nonetheless, petitioner did not object to the improper designation and appeared at the hearing with counsel. Since sections 3012 and 3013 of the Education Law contain parallel provisions, petitioner was not prejudiced by the misdesignation. Petitioner was accorded a hearing in substantial compliance with section 3013 of the Education Law and she may not now claim a right pursuant to section 3012 to which she is not legally entitled (*Matter of Brown v North Syracuse Cent. School Dist.*, 55 AD2d 813). (Appeal from judgment of Oneida Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.