■ ELIZABETH LESTER, Respondent, v MRS. CARL HARRIS et al., Constituting the Board of Education of the Pittsford Central School District, Appellants.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Plaintiff was employed annually as a school bus driver. By notice dated May, 1975 she was reappointed for the school year 1975-1976 and accepted that reappointment. However, on June 26, 1975 she was advised in writing that her services were terminated because of her difficulty in controlling students on the bus. On October 30, 1975 she brought this common-law action for breach of contract to recover her salary for the year 1975-1976. Appellants moved to dismiss the complaint for failure to state a cause of action. The parties agree that plaintiff may be terminated without the hearing for protected employees required pursuant to the provisions of the Civil Service Law (see *Matter of Brown v North Syracuse Cent. School Dist.,* 55 AD2d 813). Upon the facts of this case, if plaintiff was entitled to any relief her remedy was an article 78 proceeding initiated within four months of her discharge demanding reinstatement and back pay. Appellants' motion to dismiss the complaint should be granted (*Austin v Board of Higher Educ. of City of N. Y.,* 5 NY2d 430). (Appeal from order of Monroe Supreme Court—dismiss complaint.) Present —Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK HOWARD MACKLEY, Appellant.—Judgment unanimously affirmed. Memorandum: Upon the trial of his indictment for sodomy in the first and second degrees, the jury found defendant guilty of sodomy in the third degree. The court correctly ruled that the mother of the 14-year-old victim could testify that the victim returned home at about 3:15 P.M., only a few minutes after the attack, and told her that defendant had "raped" him, and she observed that her son was trembling and visibly upset (*People v Yannucci,* 283 NY 546, 550; *People v Deitsch,* 237 NY 300, 304; *People v Page,* 162 NY 272, 275-276; *People v O'Sullivan,* 104 NY 481, 488, 490; *People v Johnson,* 46 AD2d 55, 57, affd 38 NY2d 956; *People v Bradley,* 8 AD2d 982). The court erred, however, in permitting the mother to testify as to what her son told her of the details of what occurred at the time of the attack (*Baccio v People,* 41 NY 265, 268-271; Richardson, Evidence [10th ed], § 292). The victim's testimony was corroborated by the testimony of the examining doctor, of the arresting officer who related defendant's admissions and of the defendant himself. The details of the incident as told to the mother by her son, the victim, although erroneously admitted, added nothing, and their receipt constituted harmless error (see *People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Monroe Supreme Court—sodomy, third degree.) Present—Marsh, P. J., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.