OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, and the judgment of Special Term reinstated, without prejudice to an application by petitioner for back pay for the period of suspension to the time of discharge (see Matter of Bott v Board of Educ., 41 NY2d 265, 269; Matter of Meliti v Nyquist, 41 NY2d 183, 187-188; Matter of Jerry v Board of Educ., 35 NY2d 534, 543).
Petitioner, a tenured guidance counselor of the School District of the City of Mount Vernon, was charged with (1) "Inefficiency and Incompetency” and (2) "Insubordination, Neglect of Duty, and Conduct Unbecoming a Teacher” and was suspended on November 3, 1972, pursuant to subdivision 2 of section 3020-a of the Education Law, without pay pending a hearing on the charges and the final determination thereof (see L 1970, ch 717, eff July 1, 1970, as amd by L 1971, ch 703, eff July 1, 1971, and L 1973, ch 772, eff Sept. 1, 1973). There were three specifications in support of the first charge and nine as to the second. Following a lengthy hearing pursuant to said section, a hearing panel unanimously found that the charges against petitioner were unsubstantiated by the evidence presented, but the board of education thereafter determined that all of the charges and specifications were established by a preponderance of the credible evidence and discharged her.* On November 28, 1973, the Commissioner 'of *945 Education, upon an appeal to him, found no basis on which to set aside the board’s determination.
Petitioner then commenced this article 78 proceeding to annul the decision of the commissioner and the actions of the board of education. Special Term viewed the board’s determination as properly supported and dismissed the petition. The Appellate Division, however, found substantial evidence only as to the specifications of the first charge and as to specifications 3, 4 and 5 of the second charge and held that a finding of guilt as to those three specifications failed to support the board’s determination of guilt of the second charge. It modified the judgment so as to annul so much of the determination which found petitioner guilty of the second charge, reduced the penalty to a suspension of six months without pay, and remitted the matter to Special Term for a determination of the amount to be paid to petitioner in back salary, from the date of suspension to the date of reinstatement.
Petitioner was entitled to review the determination of the board either by appeal to the Commissioner of Education under article 7 of the Education Law or by a special proceeding under CPLR article 78 (Education Law, § 3020-a, subd 5). Instead of resorting to the courts in the first instance, petitioner chose to appeal to the commissioner, as she had a right to do, and having made that choice it is the commissioner’s decision upon that appeal that is to be reviewed here (Matter of Chapin v Board of Educ., 291 NY 241, 244, 245; Anken v Board of Educ., 42 AD2d 1031, 1032; Matter of Ross v Wilson, 284 App Div 522, 526; see Matter of Bokhair v Board of Educ., 43 NY2d 855).
By virtue of the amendment of section 310 of the Education Law in 1976 (L 1976, ch 857; see Governor’s Memorandum of Approval, NY Legis Ann, 1976, p 407), the test to be applied on this appeal is whether the commissioner’s determination, in supporting the board of education and in dismissing petitioner’s appeal to him, was arbitrary and capricious (Matter of Chauvel v Nyquist, 43 NY2d 48, 52). In view of the evidence supporting both charges and the serious nature of them, it cannot be said that the commissioner’s action was without rational basis and, therefore, it must be upheld (Matter of Pell v Board of Educ., 34 NY2d 222, 230-231).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
*946 Order reversed, without costs, and the judgment of Supreme Court, Albany County, reinstated without prejudice to an application by petitioner for back pay in accordance with the memorandum herein.

 By virtue of section 4 of chapter 82 of the Laws of 1977, effective April 15, 1977, several amendments to section 3020-a of the Education Law were enacted. Under subdivisions 4 and 5, as amended therein, the effect of the findings and recommendations of the hearing panel was altered materially.