■    In the Matter of LORRAINE M. GARGIUL, Petitioner, v BOARD OF EDUCATION OF THE LIVERPOOL CENTRAL SCHOOL DISTRICT et al., Respondents. —Determination unanimously confirmed, without costs. Memorandum: In this CPLR article 78 proceeding petitioner seeks to annul the determination of the Board of Education of the Liverpool Central School District which found that she was insubordinate and incompetent and dismissed her from her employment retroactive to March 17, 1975. The board's finding that petitioner was incompetent is supported by substantial evidence and the punishment imposed is not so disproportionate " ' "as to be shocking to one's sense of fairness".' " (Matter of Pell v Board of Educ., 34 NY2d 222, 233). We do not agree with petitioner's contention that she should be awarded back pay from March 17, 1975, the date on which she was suspended for refusing to submit to the physical examination directed by the board, to the date of her dismissal. A board of education has a statutory right to order an employee to submit to a medical examination (Education Law, § 913) and may dismiss an employee who refuses to undergo such an examination (Matter of Grasso, 4 Ed Dept Rep 174). Further, petitioner appealed her suspension without pay for refusing to submit to a medical examination to the Commissioner of Education under section 310 of the Education Law (15 Ed Dept Rep 360, application for reopening den 15 Ed Dept Rep 520). The commissioner dismissed the appeal, finding that the board was authorized under section 913 of the Education Law to require such an examination and that the board's action was neither arbitrary nor capricious. The commissioner also rejected petitioner's claim that her desire to be attended only by a woman physician was protected by section 296 of the Executive Law and the Federal Constitution. Petitioner neither sought review of the commissioner's determination nor joined the commissioner as a party in this CPLR article 78 proceeding; accordingly, petitioner is bound by the determination of the commissioner as to questions which should have been raised on a direct proceeding for review of his determination and she may not relitigate the propriety of her suspension without pay in this CPLR article 78 proceeding (see Matter of Chapin v Board of Educ., 291 NY 241; Matter of Karin v Board of Educ., 56 AD2d 721, mot for lv to app den 41 NY2d 806; Anken v Board of Educ., 42 AD2d 1031). Finally, the several constitutional issues that petitioner has raised concerning the charge of insubordination are not reached or determined in this case because we have concluded that there is substantial evidence in the record to support the dismissal on the independent ground of incompetency. (Article 78 proceeding transferred by

order of Onondaga Supreme Court.) Present—Dillon, P. J., Cardamone, Simons, Doerr and Moule, JJ.