■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COURTNEY FLANIGHAN, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Gallagher, J.), each rendered December 21, 1984, convicting him of rape in the first degree (three counts) under indictment No. 4273/83, upon a jury verdict, and of criminal possession of a weapon in the third degree, under indictment No. 4297/83, upon his plea of guilty, and imposing sentences. The appeals bring up for review the denial (Cooperman, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgments affirmed.

Viewing the evidence in the light most favorable to the People (People v Malizia, 62 NY2d 755, cert denied 469 US 932), the defendant's guilt of rape in the first degree (three counts) was proven beyond a reasonable doubt, based upon the testimony of the complainant and the further testimony of the police officer to whom the complainant reported the rapes (see, Baccio v People, 41 NY 265). Although the police officer should not have been permitted to testify that one of the perpetrators reportedly possessed a pistol, this error was harmless because testimony regarding the defendant's possession of a pistol had previously been given (see, People v Mackley, 60 AD2d 791; People v Vicaretti, 54 AD2d 236, 244; cf. People v Derrick, 96 AD2d 600). The defendant was not entitled to suppression of the pistol since, as the hearing court correctly determined, the arresting officer acted reasonably when she removed the pistol from the defendant's clothing, because she sensed that the metal object she inadvertently felt under the defendant's jacket might be a weapon (see, People v Love, 92 AD2d 551; People v Stone, 86 AD2d 347, affd 57 NY2d 762, cert denied

459 US 1212). The complainant sufficiently identified the pistol to allow its introduction into evidence *(People v Pena,* 50 NY2d 400, 408-409, *cert denied* 449 US 1087). The introduction of the bullets recovered from the pistol was an error, as they had no connection to the crimes for which the defendant was being tried. We find, however, that the error was harmless *(People v Crimmins,* 36 NY2d 230).

The defendant was not unduly prejudiced by testimony regarding the codefendant's attempt to use the complainant's transit pass at a time subsequent to the rape. The jury was adequately instructed to disregard the officer's entire testimony as it related to crimes charged in the indictment which were dismissed at the close of the People's case. The various claims of error in the court's initial and supplemental charge drew no objections and are, accordingly, unpreserved *(see, People v Hoke,* 62 NY2d 1022; *People v Thomas,* 50 NY2d 467). Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.